# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2022

Lyle W. Cayce
Clerk

No. 20-60104

Maria Elisabet Velasquez-De Hernandez; Claudia Georgina Hernandez-Velasquez; Raul Edgardo Hernandez-Velasquez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A202 030 918
Agency No. A202 030 919
Agency No. A206 759 310

---

Before Jolly, Willett, and Englehardt, *Circuit Judges*.

Per Curiam:[*]

Maria Elisabet Velasquez-De Hernandez is a native and citizen of El Salvador. In 2014, she and her children—Claudia and Raul—were charged

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60104

with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as aliens present in the United States without being admitted or paroled. Velasquez-De Hernandez later filed an application for asylum and withholding of removal based on membership in a particular social group, which her attorney defined as "family." She listed Claudia as a derivative beneficiary of her asylum application. Raul, on the other hand, filed an individual asylum application that mirrored his mother's. The family's cases were later consolidated.

Petitioner[1] now seeks review of the Board of Immigration Appeals' order affirming the immigration judge's denial of her application for asylum and withholding of removal. She argues (1) substantial evidence does not support the BIA's conclusion that she failed to show a sufficient nexus between persecution and her putative social group, (2) her family-based social group is sufficiently cognizable, and (3) if all else fails, she is entitled to humanitarian asylum or protection under the Convention Against Torture.

None of Petitioner's arguments merit relief. First, she has not shown that the evidence presented "'was so compelling that no reasonable factfinder could fail to find' the nexus requirement satisfied." *Berrios-Bruno Garland*, No. 18-60276, 2021 WL 3624766, at *4 (Aug. 16, 2021) (per curiam) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 482–84 (1992)); *accord Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012)). Substantial evidence supports the BIA's conclusion that Salvadorian gang members were not sufficiently motivated by Petitioner's family ties when targeting her as a part of their criminal enterprise. *See, e.g.*, *Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021). Though Petitioner has undoubtedly endured tragic

---

[1] We refer only to Maria Velasquez-De Hernandez (unless otherwise specified) because she is the lead petitioner, and her children's claims are dependent on the same facts and circumstances. *See, e.g.*, *Munyandamutsa v. Ashcroft*, 84 Fed. App'x 430, 430 (5th Cir. 2003).

circumstances, we are not permitted "to re-weigh evidence or substitute our own factual determinations" where substantial evidence supports the agency's nexus conclusion. *Berrios-Bruno*, 2021 WL 3624766, at *4 (citing *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006)).  We are here confronted with such a case.[2]  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Second, we lack jurisdiction to consider Petitioner's remaining claims—that she is entitled to either humanitarian asylum or protection under the Convention Against Torture—because she did not exhaust her administrative remedies.  *See, e.g.*, *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).  Petitioner did not invoke the Convention Against Torture before the IJ, nor did she urge humanitarian asylum before the BIA.  We cannot therefore consider these claims.

Finally, we pause to note that Petitioner's failure to establish eligibility for asylum or withholding of removal necessarily defeats her children's claims, which are dependent on the same facts and circumstances.

For these reasons, the petition is DENIED in part and DISMISSED in part for lack of jurisdiction.

---

[2] This moots any need for us to consider Petitioner's arguments regarding whether her family-based social group was sufficiently cognizable, which was presented to but similarly unaddressed by the BIA. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Neither must we independently analyze the BIA's determination that Petitioner was ineligible for withholding of removal, which imposes a higher bar than that for asylum. *See, e.g.*, *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (citing *Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004)).